**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**CAPITAL GAINS RESEARCH BUREAU, INC., Harry P. Schwarzmann, Defendants.**

United States District Court
S. D. New York.
March 1, 1961.

---

1. See United States v. Gerber, D.C.E.D.Pa.1949, 86 F.Supp. 175, 178.

Paul Windels, Jr., Regional Administrator, Arthur Goldman, Chief Enforcement Atty., Henry R. Bright, New York City, for Securities and Exchange Commission.

Fennelly, Douglas, Eagon, Nager & Voorhees, New York City, for defendants; Leo C. Fennelly, New York City, of counsel.

DIMOCK, District Judge.

Plaintiff seeks a preliminary injunction against the carrying on of business practices which it alleges contravene the provisions of section 206, subdivisions (1) and (2), of the Investment Advisers Act of 1940, 15 U.S.C. § 80b–6(1) and (2). The entire section 206 as amended in 1960, reads as follows:

"§ *80b–6.* *Prohibited transactions by investment advisers*

"It shall be unlawful for any investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly—

"(1) to employ any device, scheme, or artifice to defraud any client or prospective client;

"(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

"(3) acting as principal for his own account, knowingly to sell any security to or purchase any security from a client, or acting as broker for a person other than such client, knowingly to effect any sale or purchase of any security for the account of such client, without disclosing to such client in writing before the completion of such transaction the capacity in which he is acting and obtaining the consent of the client to such transaction. The prohibitions of this paragraph shall not apply to any transaction with a customer of a broker or dealer if such broker or dealer is not acting as an investment adviser in relation to such transaction;

"(4) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative. The Commission shall, for the purposes of this paragraph (4) by rules and regulations define, and prescribe means reasonably designed to prevent, such acts, practices, and courses of business as are fraudulent, deceptive, or manipulative."

Defendant Capital Gains Research Bureau, Inc. is an investment adviser which publishes its advice in widely circulated bulletins and defendant Harry P. Schwarzmann is its president and sole stockholder.

Plaintiff cites five instances where defendants took a long position in a stock where they then advised the purchase of the stock without making any disclosure of their position or intention, where there was immediately increased activity in the stock with a rising market and where defendants within a few days sold their stock at a profit.

Plaintiff cites one instance where defendants took a short position in a stock, where they then advised their clients that it was overvalued without making any disclosure of their position or intention, where there was immediately increased activity in the stock with a falling market and where defendants within a few days bought in the stock at a profit.

There is no claim of a violation of subdivisions 3 or 4 of section 206.

Subdivisions 1 and 2 deal in general with fraud. Is the course of conduct charged one which "operates as a fraud or deceit upon any client or prospective client" within the terms of subdivision 2? I conclude that the words "fraud" and "deceit" are used in their technical sense. The fact that the later added subdivision 4 expressly covers the case of a

course of business "which is fraudulent, deceptive or manipulative" strengthens me in my belief that subdivisions 2 and 1 are respectively confined in their aim to engaging in a course of business which actually "operates as a fraud or deceit upon any client or prospective client" or to the employment of "any device, scheme, or artifice" with the intent actually "to defraud any client or prospective client". To give these subdivisions further effect would require a breadth of interpretation impermissible in a statute for wilful violations of which criminal sanctions are provided. See 15 U.S.C. § 80b-17.

Subdivision 2 deals with the case where the acts of the investment adviser operate as a fraud and section 1 deals with the case where he intends to defraud even though his acts do not operate as a fraud. There is no proof here that any client or prospective client lost a single dollar by reason of defendants' acts so as to bring defendants within subdivision 2 or that defendants intended that any client or prospective client should do so so as to bring them within subdivision 1.

Perhaps it could be shown that defendants' operations in liquidating their long positions and covering their short position affected the market price of the stocks and thus reduced the value of their clients' positions in the stock. No attempt at any such proof has yet been made, however.

Absent such proof there is nothing to indicate that defendants intended anything but maximum profits for their clients and prospective clients. If they were engaged in the manipulative enterprise charged it would be but natural that they would pick the stocks that they thought would move naturally in the direction in which they sought to move them artificially.

I need not decide the question of fact, difficult upon the record, whether defendants had the dominant intention of affecting the price of a stock so as to realize on their own position in it when they advised their clients to buy or sell without disclosing that defendants' intention was to sell or buy as the case might be. Unless this resulted or was intended to result in loss to clients or prospective clients, it would be no more than manipulation which does not come within the interdiction of subdivisions 1 and 2 of the statute.

Motion denied and stay vacated.